UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JESSE ROBERSON,                                    *COMPLAINT AND*
                                                   *JURY DEMAND*

                                      Plaintiff,

   -against-

                                                                    Docket No.
                                                                    1:14-cv-7139

STEPHEN GIUSTINO, SHIELD NO.
29372, "JOHN DOE 1-3" FROM                         ECF CASE
THE 101st PRECINCT,
                                        Defendants.
---------------------------------------------------------------------------X

      Plaintiff Jesse Roberson, by his attorney Joseph Indusi, of London Indusi, LLP, for his complaint against defendant New York Police Department Officers alleges as follows:

PRELIMARY STATEMENT:

      1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

      2. The claim arises from a March 11, 2014 incident in which defendants, acting under color of state law, pulled Mr. Roberson's vehicle over for no reason, at Hassock Street and Beach Channel Drive, in Queens, NY. After pulling Mr. Roberson's vehicle over, the defendants ordered Mr. Roberson out of his vehicle, and violently threw him to the ground and stomped n the back of his head causing a large laceration above his right eye and swelling. The defendants then arrested Mr. Roberson for no valid reason, and he spent over 30 hours unlawfully in police custody. Mr. Robinson's case was terminated in his favor and sealed on September 11, 2014.

      3. Plaintiff seeks monetary damages (compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York. At the time of the civil rights violation, Mr. Roberson was 27 years old.

8. Defendant Giustino and John Doe 1-3, were, at all times here relevant, a police officer of the NYPD and as such were acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendant Giustino and Defendant John Doe 1-3, were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendant Giustino and Defendant John Doe 1-3 were under the command of the 101st precinct on the date of the incident.

11. While an officer at the 101st precinct, Defendant Giustino and Defendant John Doe 1-3's supervisors failed to train, supervise, discipline and control them.

12. On information and belief, at all times relevant hereto, Defendant Giustino and

Defendant John Doe 1-3 were under the command of the 101st precinct and are sued in their individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On March 11, 2014, at approximately 10:35 p.m., Mr. Roberson was driving his vehicle at the intersection of Hassock Street and Beach Channel Drive in Queens, New York.

15. Mr. Roberson was stopped at a police initiated checkpoint.

16. Defendant Giustino approached the driver side of Mr. Roberson's vehicle and asked for his license and registration.

17. Mr. Roberson complied with the officers orders and handed his license and registration, to which Defendant Giustino took back to his vehicle.

18. A few minutes later Defendant Giustino and John Doe 1 re-approached Mr. Roberson's vehicle and asked Mr. Roberson to step out of the vehicle.

19. Mr. Roberson complied and stepped out of the vehicle.

20. Defendant Giustino and John Doe 1 walked Mr. Roberson to the back of his vehicle.

21. Defendant Giustino then told Mr. Roberson, "We think your license is suspended but the system isn't telling us why."

22. Mr. Roberson then said, "I think I know the answer, I have proof in my car that my license is not suspended," and then started to walk towards the front of his vehicle to get proof he has a valid license.

23. As soon as Mr. Roberson started to walk to his vehicle, Defendant Giustino and John

Doe 1 grabbed Mr. Roberson's arms and violently threw him to the ground.

24. John Doe 2 and John 3 then came running over and helped Defendant Giustino and John Doe 1 push Mr. Roberson to the ground.

25. John Doe 2 and John 3 then, acting in concert, unlawfully handcuffed Mr. Roberson in an excessively tight manner causing marks on plaintiff's wrists.

26. Defendant Giustino and John Doe 1, acting in concert, unlawfully stomped on the back of Mr. Roberson's head 3-4 times, all while Mr. Roberson was handcuffed.

27. John Doe 2 and John 3, acting in concert, unlawfully twisted Mr. Roberson's arms, causing substantial pain, all while Mr. Roberson was handcuffed.

28. Mr. Roberson suffered a large laceration above his right eye and substantial bleeding because of the unlawful police contact.

29. Defendant Giustino and John Doe 1 then threw Mr. Roberson into a police vehicle and drove him to the 101st Precinct.

30. While at the 101st Precinct, EMS came to treat Mr. Roberson for his head and eye injuries.

31. EMS arrived on scene to treat Mr. Roberson at 10:41p.m.

32. EMS treated Mr. Roberson at the 101st Precinct for approximately 21 minutes noting swelling present on right eye orbital.

33. EMS determined that Mr. Roberson needed to go to the hospital for his injuries.

34. After arriving at 11:05p.m. at St. John's Episcopal Hospital, Mr. Roberson was treated for lacerations and wounds to his head and eye, specifically swelling on right upper eyelids.

35. Mr. Roberson was classified by the emergency room as a category 4 in the emergency

severity index.

36. While at the hospital, the doctors ordered various tests including CT scans of the head and facial bones.

37. At 1p.m., Mr. Roberson reported he had "pains all over" to the hospital staff.

38. There was no probable cause to arrest Mr. Roberson.

39. Mr. Roberson did not resist arrest.

40. After leaving the hospital, Mr. Roberson was then taken to central booking to await arraignment.

41. While Mr. Roberson was in central booking, Officer Giustino, acting with malice, conveyed false information to prosecutors in order to have Mr. Roberson prosecuted for Resisting Arrest and Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree.

42. Mr. Roberson was unlawfully held in police custody and arraigned on those charges.

43. Mr. Roberson spent approximately 30 hours unlawfully in police custody.

44. Even after being released, Mr. Roberson's eye continued to be swollen.

45. Mr. Roberson continued to experience pain and suffering after being released from Court.

46. Mr. Roberson's case was terminated in his favor and sealed on September 11, 2014.

47. At all times during the events described above, the Defendant Giustino and Defendant John Doe 1-3 were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

48. Defendant Giustino and Defendant John Doe 1-3 assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

49. Defendant Giustino and Defendant John Doe 1-3 failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

50. During all of the events described, Defendant Giustino and Defendant John Doe 1-3 acted maliciously and with intent to injure plaintiff.

DAMAGES

51. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

> a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;
>
> b) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;
>
> c) Physical pain and suffering;
>
> d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;
>
> e) Loss of liberty.

FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

52. The above paragraphs are here incorporated by reference.

53. The defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

54. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

55. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

56. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

57. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

58. All of this occurred without any illegal conduct by plaintiff.

59. Mr. Roberson's case was terminated and sealed in his favor on September 11, 2014.

60. The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

61. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

62. The above paragraphs are here incorporated by reference.

63. By using excessive force against plaintiff, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights,

remedies, privileges, and immunities guaranteed to ever citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

64. In addition, the defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth above.

65. The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

66. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

67. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

THIRD CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

68. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

69. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

70. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

    D.    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    E.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 5, 2014
       Brooklyn New York

                                            Respectfully submitted,

                                            /s/ Joseph Indusi, Esq._____
                                          *Joseph Indusi, Esq.*
                                            Bar Number: JI6499
                                            Attorney for Mr. Roberson
                                            London Indusi LLP
                                            186 Joralemon Street, Suite 1202
                                            Brooklyn, NY 11201
                                            (718) 301-4593 – Phone
                                            (718) 249-9391 – Fax
                                            Joe@LondonIndusi.com